IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LANELL GREENBERG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MCLEAN COUNTY UNIT SCHOOL )<br>DISTRICT NO. 5, )<br>)<br>Defendant. ) | JURY DEMAND<br><br>Case No. 20-CV-___ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, LANELL GREENBERG (hereinafter referred to as "GREENBERG"), by and through her attorneys, Costigan & Wollrab, P.C., and for her Complaint against the Defendant, MCLEAN COUNTY UNIT SCHOOL DISTRICT NO. 5, an Illinois public school district, (hereinafter referred to as "UNIT 5"), states as follows:

**I.      JURISDICTION**

1. That this action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, which, together with 28 U.S.C. § 1331, vests this Honorable Court with jurisdiction over this cause.

2. That GREENBERG has fully complied with all administrative prerequisites to the filing of this suit. Namely, GREENBERG timely filed a "Charge of Discrimination" based on gender and sexual discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a "Right to Sue Letter." A true and accurate copy of the "Right to Sue Letter" is attached hereto and incorporated herein as "Plaintiff's Exhibit A."

3. That this Complaint is being filed within ninety (90) days of GREENBERG's receipt of the aforementioned "Right to Sue Letter".

## II. VENUE

4. That venue is properly placed in the U.S. District Court for the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. § 1391(b). GREENBERG is a resident of McLean County, Illinois and UNIT 5 conducts business and maintains a place of business in McLean County, Illinois. Furthermore, the acts complained of herein occurred within the Peoria Division.

## III. PARTIES

5. That GREENEBERG is a citizen of the United States, a female and a resident of McLean County, Illinois; and is a legal adult over the age of eighteen (18).

6. That UNIT 5 is a public school district which is situated in McLean County, Illinois.

7. That UNIT 5 is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

## IV. ALLEGATIONS

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. GREENBERG was employed in various capacities with UNIT 5 beginning in the 2003-2004 school year. GREENBERG worked for UNIT 5 as a substitute teacher and then as a special education teaching assistant. Then in August of 2008, GREENBERG worked as a school administration manager. Thereafter, in January of 2012, GREENBERG accepted a position as Administrative Assistant to the Superintendent of UNIT 5. In addition, GREENBERG acted as

the Clerk of the Board of Education for the UNIT 5 School Board. GREENBERG remained employed with UNIT 5 until she was forced to resign her position with UNIT 5 on October 26, 2018.

9. That during the fall of 2017 and up to the date that GREENBERG left her position as Administrative Assistant to the Superintendent and Clerk of the Board of Education to start a new position as Administrative Assistant to the Associate Principal of UNIT 5 in July of 2018, GREENBERG was exposed to repeated comments and gestures of a sexually explicit nature committed by the Executive Director of Human Resources, James Harden (hereinafter "James Harden"); and was also exposed to retaliatory conduct by the Superintendent in concert with members of the UNIT 5 School Board during times when GREENBERG was working and attempting to perform her job duties for UNIT 5. In particular, GREENBERG was exposed to harassment and retaliation after she opposed the unlawful employment practices of senior management personnel of UNIT 5; and reported the unlawful conduct.

10. In particular, GREENBERG was exposed to comments and actions, including but not limited to the following:

a. While walking past a large conference table, James Harden asked GREENBERG to have the conference table delivered to Harden's home so he could "make love on it to his wife"; and then he proceeded to act out "making love" on the table by getting on the table in front of GREENBERG;

b. James Harden referred to GREENBERG and other women in the UNIT 5 office by his wife's name; and further inquired of GREENBERG whether if he shared information about some local food restaurants would that get him "laid";

c. On multiple occasions while coming into GREENBERG's office, James Harden

would take candy from GREENBERG's candy dish and then as he was eating a Hershey's Chocolate Kiss, Harden made gestures with his mouth and comments of a sexually explicit nature to GREENBERG; which comments and gestures were of a sexual nature and were offensive to GREENBERG and other female employees of UNIT 5;

      d.      Otherwise made derogatory and sexually suggestive comments and gestures toward GREENBERG during work hours; and

      e.      The Superintendent, after being advised by GREENBERG and other UNIT 5 personnel of the foregoing conduct committed by James Harden, imposed different workplace rules on GREENBERG unlike those imposed on other employees of UNIT 5 who had not made complaints of sexual harassment and hostile work environment.

      11.      That GREENBERG reported the conduct and comments of James Harden to persons who had supervisory authority over James Harden, including but not limited to Barry Hitchins, Board President of the School Board of UNIT 5.

      12.      That the comments and gestures and actions of James Harden toward GREENBERG were unwanted, intentional, harassing and discriminatory to GREENBERG.

      13.      That as a consequence of the actions of James Harden and the failure of UNIT 5 to address the concerns and complaints raised by GREENBERG; and due to the ongoing harassment and work place discrimination issues occurring in GREENBERG's workplace, GREENBERG was forced to request a transfer from her position as the Administrative Assistant to the Superintendent of UNIT 5 and Clerk of the Board of Education.

      14.      GREENBERG went to another position with UNIT 5 in hopes of eliminating her exposure to the ongoing discrimination, harassment and retaliation. However, despite GREENBERG's move to the other position with UNIT 5; GREENBERG's complaints were not

addressed and the workplace harassment and retaliation continued; in particular when GREENBERG was communicating with the Office of the Superintendent or members of the School Board.

15. GREENBERG was forced to resign her position with UNIT 5 on October 26, 2018 because of: i) the work environment at UNIT 5, the failure of UNIT 5 to take action to stop the discriminatory actions in the workplace; and due to retaliation occurring as a consequence of GREENBERG's opposition to the unlawful conduct of senior management employees of UNIT 5 and her reports of sexual harassment against James Harden.

16. Under Title VII of the Civil Rights Act of 1964, it is unlawful for a public or private employer to discriminate, limit, segregate, or classify employees on the basis of sex. Such unlawful discrimination includes, but is not limited to, acts of sexual harassment, discrimination and retaliation for rebuking and or reporting and resisting sexual harassment.

17. UNIT 5 has violated Title VII of the Civil Rights Act of 1964 in the following ways:

   a. Allowed James Harden and other supervisory personnel of UNIT 5 to remain in the workplace despite their commission of unlawful discrimination of a sexual nature;

   b. Allowed James Harden, the Superintendent of UNIT 5 and other supervisory personnel of UNIT 5, including members of the UNIT 5 School Board to intimidate and otherwise create work environment issues that interfered with GREENBERG's ability to continue to perform her job duties at UNIT 5 due to issues created in GREENBERG's work environment;

   c. Failed to provide GREENBERG a work environment free of sexual harassment;

   d. Caused GREENBERG to have to leave her position as Administrative Assistant

to the Superintendent; and start a new position at UNIT 5 in an attempt to try and alleviate the harassment and discrimination and retaliation directed toward GREENBERG by UNIT 5 personnel;

 e. Failed to address issues that continued to occur in GREENBERG's workplace at UNIT 5 on and after GREENBERG transferred to a different position at UNIT 5;

 f. Otherwise retaliated against GREENBERG which led to GREENBERG being forced to resign her position with UNIT 5 on October 26, 2018.

 18. At all times relevant herein, GREENBERG was a member of a protected class by virtue of her sex and was meeting the legitimate business expectations for employees of UNIT 5. Additionally, GREENBERG was discriminated against due to her gender and similarly situated male colleagues were treated more favorably in the workplace.

 19. As a result of the violations of Title VII of the Civil Rights Act of 1964 by UNIT 5, GREENBERG has been damaged. GREENBERG's damages include, but are not limited to, compensatory damages in an amount necessary to compensate her as provided under the provisions of Title VII.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT'S PROHIBITION AGAINST GENDER DISCRIMINATION AND SEXUAL HARASSMENT

 1.-19. GREENBERG incorporates Paragraphs One (1) through Nineteen (19), above, in this Count I as if fully set forth, below.

 20. That at all times relevant to the matters set forth herein, GREENBERG was meeting the legitimate business expectations of UNIT 5; though the actions of senior management personnel of UNIT 5 and the hostile environment created by senior management personnel of UNIT 5 interfered with GREENBERG's work performance.

21. As a result of the foregoing acts of senior management personnel of UNIT 5, GREENBERG was forced to resign from her position with UNIT 5.

22. That UNIT 5 senior management personnel knew that and showed reckless disregard for the matter of whether UNIT 5's conduct violated the protections afforded to GREENBERG under Title VII of the Civil Rights Act of 1964.

23. As a result of the unlawful and willful acts complained of herein, GREENBERG has suffered compensatory damages including, but not limited to, lost wages and lost employee benefits, including, but not limited to, insurance, pension benefits, and other related compensation benefits, and has incurred attorney's fees and other expenses related thereto.

WHEREFORE, the Plaintiff, LANELL GREENBERG, respectfully prays that this Honorable Court enter a judgment in favor of GREENBERG and against the Defendant, MCLEAN COUNTY UNIT SCHOOL DISTRICT NO. 5; and further prays for the granting of the following relief:

A. Reinstatement to her position with all back-pay, employee benefits, and pension benefits restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory and liquidated damages, including attorney's fees and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

## COUNT II – RETALIATION UNDER THE CIVIL RIGHTS ACT

1.-19.    GREENBERG incorporates Paragraphs One (1) through Nineteen (19), above, in this Count II as if fully set forth, below.

20.    In response to GREENBERG's reports of sexual harassment, she was subjected to verbal harassment and a hostile work environment, including but not limited to senior management personnel, including but not limited to the Superintendent and key members of the UNIT 5 School Board undermining GREENBERG and interfering with GREENBERG's work performance as a result of GREENBERG's reports and complaints about the hostile work environment at UNIT 5; and GREENBERG's reports and complaints of the conduct of James Harden and senior management personnel of UNIT 5.

21.    Subsequent to GREENBERG's reports of sexual harassment and hostile work environment and continuing through the date of her forced resignation, GREENBERG was subjected to a hostile work environment, gender discrimination and retaliation by senior management personnel of UNIT 5 and key members of the UNIT 5 School Board.

22.  The outrageous conduct of the senior management personnel of UNIT 5 as described above was done with malice and with a conscious disregard for GREENBERG's rights; and with the intent, design and purpose of injuring GREENBERG.

23.     UNIT 5, through its officers and agents, authorized, condoned and/or ratified the unlawful conduct opposed by GREENBERG.

24.    As a result of the unlawful and willful acts complained of herein, GREENBERG has suffered compensatory damages including, but not limited to, lost wages and lost employee benefits, including, but not limited to, insurance, pension benefits, and other related compensation benefits, and has incurred attorney's fees and other expenses related thereto.

WHEREFORE, the Plaintiff, LANELL GREENBERG, respectfully prays that this Honorable Court enter a judgment in favor of the Plaintiff and against the Defendant, MCLEAN COUNTY UNIT SCHOOL DISTRICT NO. 5; and further prays for the granting of the following relief:

A. Reinstatement to her position with all back-pay, employee benefits, and pension benefits restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory and liquidated damages, including attorney's fees and costs, in an amount which will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**PLAINTIFF, LANELL GREENBERG, DEMANDS TRIAL BY A JURY ON ALL COUNTS OF THIS COMPLAINT.**

Respectfully Submitted,

Plaintiff, LANELL GREENBERG,

**/s/ Dawn L. Wall**

By: _____
Ms. Dawn L. Wall
ARDC No. 6196948
Costigan & Wollrab, P.C.
308 East Washington Street
Bloomington, Illinois 61701
Telephone: (309) 828-4310
dwall@cwlawoffice.com